# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SMITH, | ) | |
| Plaintiff, | ) | Civil Action No. 10-22 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| THE PENNSYLVANIA DEPARTMENT | ) | |
| OF CORRECTIONS, et al, | ) | |
| Defendants. | ) | |

## OPINION & ORDER

United States Magistrate Judge Susan Paradise Baxter

### I. INTRODUCTION

#### A. Relevant Procedural History

Plaintiff, acting *pro se*, filed this civil action on February 1, 2010. At the time of the filing of the complaint, Plaintiff was an inmate incarcerated at the State Correctional Institution at Smithfield in Marienville, Pennsylvania ("SCI-Smithfield"). The Defendants remaining in this case are: Nancy Giroux, John Hall, Tammy Young, John Tiller, and Carla Webb (hereinafter collectively referred to as "DOC Defendants"), and Mark Baker and Daniel Telega (hereinafter collectively referred to as "Medical Defendants"). All parties have consented to the jurisdiction of the United States Magistrate Judge. [ECF Nos. 6, 18, 26].

On June 18, 2012, the DOC Defendants filed a motion for summary judgment. [ECF No. 72]. The Medical Defendants filed their own motion for summary judgment on June 22, 2012 [ECF No. 75]. Pursuant to this Court's scheduling Order dated May 18, 2012, Plaintiff's response to each of these motions was due by August 3, 2012. [ECF No. 71]. In addition,

1

pursuant to the same scheduling Order, Plaintiff's pretrial statement was due to be filed by August 10, 2012. Plaintiff has failed to comply with either of these deadlines. As a result, this Court entered a show cause Order dated August 24, 2012, requiring Plaintiff to file responses to Defendants' motions for summary judgment, as well as his pretrial statement, by September 24, 2012, or suffer dismissal of this case for failure to prosecute. Despite being given ample time to comply with this Order, Plaintiff has failed to do so. In addition, the DOC Defendants' counsel has informed the Court that he has been unable to correspond with Plaintiff at the last known address provided to the Court.

### B.  Discussion

#### 1.  *Poulis* Analysis

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of:  1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010), citing Mindek v. Rigatti, 964 F.2d 1369,

1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Applying the *Poulis* factors to the present matter, this Court recommends the dismissal of this matter.

### a. Extent of Personal Responsibility

This first *Poulis* fact weighs heavily in favor of dismissal. During the pendency of any litigation, the parties are under a continuing obligation to keep the Court informed of their address. In a case filed *pro se*, this is solely the obligation of the plaintiff and Plaintiff was advised of this obligation by way of the Pro Se Instructions from the Clerk of Courts. Plaintiff is proceeding *pro se* and therefore bears full responsibility for any failure in the prosecution of his claims. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.).

### b. Prejudice to the Adversary

Plaintiff's continuing failure to inform this Court or his adversaries of his current address makes it impossible to determine his interest in pursuing this action, nor can this matter proceed. The inability to proceed in the normal course requires this Court to find that Defendants are prejudiced by Plaintiff's failure to prosecute this case.

### c. History of Dilatoriness

Here, Plaintiff has failed to file briefs in opposition to the Defendants' pending motions for summary judgment, and has failed to file his pretrial statement with the Court. In addition, Plaintiff has made no attempt to contact this Court or defense counsel as to his whereabouts.

#### d. **Willful or bad faith acts by Plaintiff**

There is no evidence of bad faith by Plaintiff in this case and so this factor is neutral.

#### e. **Effectiveness of Alternative Sanctions**

As to the fifth *Poulis* factor, no alternate sanctions are appropriate. Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent *pro se* parties, such as Plaintiff Garcia Q. See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002). The Court is left with no means of communicating with Plaintiff to impose any lesser sanction than dismissal of this case.

#### f. **Meritoriousness of Claims or Defenses**

Generally, courts use the standard for a Rule 12(b)(6) motion to dismiss to decide if a claim is meritorious. Briscoe, 538 F.3d at 263. A claim or defense will be considered meritorious if the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or constitute a complete defense. Id.; Poulis, 747 F.2d at 869-70. In Briscoe, the district court found that the plaintiff's claims had some merit because they cleared the summary judgment phase and were sufficient to proceed to trial. 538 F.3d at 263. Conversely, where a plaintiff raises a facially meritorious claim but the defendant raises a *prima facie* defense, the meritoriousness factor may not weigh in the plaintiff's favor and may be considered neutral. Emerson, 296 F.3d at 191.

Both the DOC Defendants and the Medical Defendants have raised numerous *prima facie* defenses to the claims asserted in the amended complaint. Thus, this factor is considered neutral.

In sum, four of the six <u>Poulis</u> factors weigh heavily in favor of dismissal of this action, and, in the absence of Plaintiff, this Court is left with no choice but to dismiss this case due to Plaintiff's failure to prosecute.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SMITH, | ) | |
|     Plaintiff, | ) | Civil Action No. 10-22 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## **O R D E R**

AND NOW, this 16th day of October, 2012;

IT IS HEREBY ORDERED that the instant civil rights action be dismissed pursuant to Fed.R.Civ.P. 41(b), due to Plaintiff's failure to prosecute this case.

IT IS FURTHER ORDERED that Defendants' pending motions for summary judgment [ECF Nos. 72 and 75] are dismissed as moot.

The Clerk is directed to close this case.

                                                              /s/ Susan Paradise Baxter
                                                             SUSAN PARADISE BAXTER
                                                             United States Magistrate Judge